

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable M. E. Gates
County Attorney
Walker County
Huntsville, Texas

Dear Sir:

Opinion No. O-7281

Re: Whether a person who was formerly
convicted of driving while intoxi-
cated and whose driver's license
was suspended for a period of six
months is entitled to have his
license returned at the end of the
six months period.

We have received your letter of June 13, 1946, which is
quoted as follows:

"I am writing you with reference to an opinion
on Article 6687 B-3ub Section 26, of said Article,
wherein it reads as follows, to wit:

"'The Department, upon suspending or revoking a
license, shall require that such license shall be
surrendered to and be retained by the Department ex-
cept that at the end of the period of suspension of
such license, the license so surrendered shall be
restored to the licensee.'

"A young man was convicted in the County Court
of Walker County, Texas of the offence of driving an
automobile while under the influence of intoxicating
liquors, and upon his conviction, which was a plea
of guilty, the State Highway Patrolman took his driver's
license and informed and told this young man that his
license would be suspended for six months. The Judg-
ment of the Court also suspended his license for six
months, and at this time, the State Highway Patrolman
stated that he was sending the driver's license to the
Department of Public Safety at Austin, Texas. The six
months has now expired and the man who was convicted
and his license suspended under the Judgment of the
County Court of Walker County, Texas, now wants them

returned to him and it seems that the local authorities of the Public Safety Department who issue driver's licenses say that they cannot return the same to this young man, but that he will be compelled to stand the test and take another examination.

"Bearing in mind the foregoing statute and the statement of facts above enumerated, I would like to know from your department whether or not a person who is convicted of driving an automobile while under the influence of intoxicating liquors and has had his license suspended for six months, if at the end of this $^6$months period, if he is entitled to have them returned to him, provided the license was in full force and effect and was not out of date. Does the Public Safety Department have to mail these license to him upon the expiration so that he can operate another automobile since his license is in full force now and has something like six months to run before they elapse, or because of the fact of his conviction, is his license cancelled for good?"

Information has been submitted to us by the Department of Public Safety of this State to the effect that their present administrative practice is to require a driver's examination before returning the license to the licensee at the expiration of the suspension period in a case of this nature. The examination is conducted by the Department at a time near the end of the suspension period so that if the licensee successfully passes same, his license may be returned to him immediately upon expiration of the suspension period.

You have correctly quoted Section 23 of Article 6687b, V.A.C.S., except that the word "restored" should read "returned." If this section is read separately, it would appear literally mandatory in requiring the Department of Public Safety to return the license to the licensee at the end of the period of suspension with no provisions attached. However, we shall construe the section in its relationship to the entire Driver's License Act and with respect to the purpose to be accomplished by viewing other provisions contained in the Act which we set out below.

Section 4 of Article 6687b provides for those who may not be licensed by the Department, the pertinent parts of which we quote below:

"The Department shall not issue any license hereunder:

"4. To any person, as an operator, a commercial operator, or a chauffeur, whose license has

Hon. M. E. Gates - Page 3

been suspended, during such suspension or re-
vocation;

"* * *

"7. To any person, as an operator, commercial
operator, or chauffeur, who is required by this Act
to take an examination, unless such person shall
have successfully passed such examination;

"* * *

"9. To any person when the Department has good
cause to believe that the operation of a motor ve-
hicle on the highways by such person would be inimical
to public safety or welfare."

Section 10 of the Article provides for the examination of
applicants in the following words:

"Sec. 10. Examination of applicants.

"The Department shall examine every applicant for
an operator's, commercial operator's, or chauffeur's
license, except as otherwise provided in this Section.
Such examination shall be held in the county where the
applicant resides or makes application within not more
than ten (10) days from the date application is made.
It shall include a test of the applicant's vision, his
ability to understand highway signs in the English lang-
uage regulating, warning, and directing traffic, his
knowledge of the rafffic laws of this State, and shall
include an actual demonstration of ability to exercise
ordinary and reasonable control in the operation of a
motor vehicle and such further physical and mental exami-
nation as the Department finds necessary to determine the
applicant's fitness to operate a motor vehicle safely
upon the highways, and provided further that the Director
shall have the authority to cause to be re-examined licen-
see in any case which in his judgment the licensee is in-
capable of operating a motor vehicle, said examination
shall be held in the county of the licensee's residence
unless otherwise agreed to by both parties to be held else-
where." (Emphasis added)

It is seen from the foregoing underlined portion of the
statute that the Department may re-examine a licensee. There is no
time limitation as to when this re-examination may be required, and
it is our opinion that it may be required at any time when the Dir-
ector in his lawful discretion recognizes a person as incapable of
safely operating a motor vehicle. When a person has been convicted

Hon. M. E. Gates - Page 4

of driving while intoxicated and as a result thereof has had his license suspended for a period of six months, it would seem only reasonable and properly cautious for the Department of Public Safety to check into the status of that person by examination before returning his license and authority to operate a motor vehicle upon our public highways. We believe such a requirement to be in keeping with the general design of the Act to curb highway injuries and fatalities and provide proper enforcement measures therefor. We think that no substantial individual rights are jeopardized thereby.

It is therefore our opinion that the person named in your statement of facts is subject to a driver's examination before return of his license at the expiration of six months if the Department of Public Safety in its lawful discretion deems him incapable of operating a motor vehicle. Further, that if he is successful in passing the examination, his license must be returned to him immediately by the Department upon the expiration of the term of suspension, by mail or otherwise. If the licensee is not successful in passing the examination, his license may not be returned by the Department, but he has, of course, the right of review of his case and appeal to the courts as provided in Sections 22 and 31 of the Driver's License Law.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Jack K. Ayer
Jack K. Ayer
Assistant

APPROVED JUN 21, 1946
FIRST ASSISTANT
ATTORNEY GENERAL

JKA:djm


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN